IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,588-01




EX PARTE ALAN EUGENE HARRINGTON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 12,154 IN THE 21st DISTRICT COURT
FROM BASTROP COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to two years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary because counsel failed to investigate prior
alleged convictions used to enhance Applicant’s misdemeanor charge to a felony charge.
Specifically, one of the prior convictions used for enhancement purposes was not the Applicant’s
conviction and appeared mistakenly on his criminal history.
            The trial court has entered findings of fact and conclusions of law recommending that relief
be granted. However, it appears from the face of the record that Applicant may have discharged this
sentence, the trial court does not specifically address the issue of whether the Applicant is currently
confined or on parole regarding this conviction, and the trial court does not specifically state what
collateral consequences, if any, the Applicant is suffering as a result of this conviction.


 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact in regard
to whether the Applicant has discharged this sentence and, if so, what specific collateral
consequences he is suffering as a result of this conviction. In addition, the trial court shall make
findings of fact in regard to whether the Applicant had any other prior driving while intoxicated
convictions that were available for enhancement purposes. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 23, 2009
Do not publish